## DARST *v.* FORNEY, SHERIFF.

[No. 25,358. Filed January 24, 1928.]

1. APPEAL.—*Overruling motion to reconsider finding and judgment not proper assignment of error or cause for new trial.*—That the court erred in overruling appellant's motion to reconsider the finding and judgment is not a proper assignment of error or cause for a new trial. p. 627.

2. HABEAS CORPUS.—*Permitting amendment of return not error where plaintiff had not denied truth of original return.*—As §421 Burns 1926 provides that any pleading may be amended by either party, as of course, at any time before it is answered, there could be no error in

permitting the defendant to amend his return to a writ of *habeas corpus* where plaintiff had not denied the truth of the original return. p. 627.

3. HABEAS CORPUS.—*Errors and irregularities in insanity investigation will not authorize release of accused on habeas corpus.*—Where the justice of the peace who conducted an insanity investigation had jurisdiction of the person under investigation, errors or irregularities in the proceedings will not authorize the release of such person on a writ of' *habeas corpus.* p. 628.

4. HABEAS CORPUS.—*While in custody of sheriff, one found by proper authority to be insane cannot maintain habeas corpus proceeding' to be released.*—Section 4142 Burns 1926 does not authorize an application for a writ of *habeas corpus* by a person who has been found to be insane, while he is in the custody of the sheriff before his admission to a hospital for the insane, as the statute applies only to persons who have been "committed" to such hospital, which means that he had been delivered to, and received at, such institution. p. 629.

5. TRIAL.—*Objection to evidence by party who introduced it.*—A party who introduces incompetent evidence cannot be heard to aver that the testimony was erroneously admitted. p. 630.

6. HABEAS CORPUS.—*Refusal to consider evidence of plaintiff's sanity not error in habeas corpus proceeding by one not committed to asylum.*— In a *habeas corpus* proceeding by one who has been found to be insane but not committed to an asylum, evidence as to plaintiff's sanity was incompetent, and there was no error in refusing to consider it in ruling on the application to be discharged from the custody of the sheriff. p. 630.

From Porter Circuit Court; *H. H. Loring,* Judge.

Habeas corpus proceeding by John W. Darst against William B. Forney, Sheriff of Porter county. From. a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Ira C. Tilton,* for appellant.

GEMMILL, J.—Petition for a writ of *habeas corpus,* in which the petitioner, who is now the appellant, alleged that he was unlawfully deprived of his liberty by the sheriff of Porter county, Indiana. In the sheriff's amended return, it was stated that he held the petitioner by virtue of a warrant issued by the clerk of the Porter Circuit Court; that in proceedings held before a justice of the peace, it was found that the petitioner was insane; that, after the justice of the peace had filed his certificate

and other necessary papers with the clerk, the latter made application for the admission of the petitioner to the Northern Indiana Hospital for the Insane; that the officers of said hospital for the insane accepted the application for his admission and notified the clerk of said acceptance; that thereupon the clerk issued his warrant and delivered same to the defendant as sheriff of Porter county; and that, in compliance with his duties as sheriff, he arrested the petitioner, took him into custody, and was then holding him in compliance with said warrant and not otherwise.   Exceptions to the amended return were filed by the petitioner, which exceptions were overruled by the court.   No error is predicated on this ruling. The petitioner filed a special answer to the sheriff's amended return, in which he admitted that the sheriff was holding him upon a warrant issued by the clerk of the Porter Circuit Court, and averred that the proceedings in which he was declared insane before the justice of the peace were irregular and illegal for various reasons therein stated, and the judgment of the justice of the peace was unlawful for the reason that he was not insane. To this answer, the sheriff filed a reply in general denial A trial was had by the court and the finding and judgment were for the defendant.

It is not a proper assignment of error and it is not a statutory cause for a new trial to say that the

1.   court erred in overruling a motion to reconsider the finding and judgment.

The first cause assigned for a new trial is that the court erred in allowing the defendant to amend his return to plaintiff's petition.   When the defendant

2.   was granted leave to file an amended return, the plaintiff objected, but the reason for his objection was not stated.   Exceptions had been filed to the first return of the sheriff and they had been overruled, and plaintiff had not denied the truth of the return or alleged

new matter in avoidance thereof, when the defendant was permitted to file his amended return.   It is provided by §421 Burns 1926 that any pleading may be amended by either party, as of course, at any time before the pleading is answered.   There is no merit to this contention of appellant.

Another cause for a new trial was based on a statement regarding the law of the case made by the court during the trial.   No objection was made to same and no exception was taken.   And it may be said that the court correctly stated the law.

In the petition, it was alleged that the proceedings before the justice of the peace in which the petitioner was adjudged to be insane were irregular and the judg-

3.   ment was unlawful.   The jurisdiction of the justice of the peace was not questioned.   The statute on *habeas corpus* in §1200 Burns 1926 provides as follows:

> "No court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following:  .  .  .  Second.  Upon any process issued on any final judgment of a court of competent jurisdiction."

Where the justice of the peace before whom a defendant is tried has jurisdiction over the subject-matter of the action and of the person of the defendant, no formal errors or irregularities in the proceedings of the justice, will authorize the discharge of the defendant on a writ of *habeas corpus*.  *Pritchett* v. *Cox* (1900), 154 Ind. 108, 56 N. E. 20; *Webber* v. *Harding* (1900), 155 Ind. 408, 58 N. E. 533.   In Church, Habeas Corpus (2d ed.) §382b, it is stated that mere errors and irregularities made by the court in proceedings to declare a person of unsound mind cannot be reviewed or corrected on a writ of *habeas corpus.*

The appellant also relies upon §4142 Burns 1926, which is as follows:

"Any person committed as insane may apply to the proper authorities for a writ of habeas corpus, and the question of insanity shall be decided at the hearing. An adverse decision shall not operate as a bar to the issuance of another writ. Provided, however, That writs of habeas corpus shall not issue oftener than once in every period of three months in such cases."

The trial court held that this section did not apply, as the petitioner had not yet been committed to the insane hospital. At the time the petitioner was found to be insane, before an insane person could be committed to or admitted into any state hospital or asylum for the insane, certain proceedings were necessary before a justice of the peace. After the hearing, the justice of the peace was required to make a statement of his judgment, over his official signature, and file same with other papers in the case with the clerk of the circuit court of the proper county. On receipt of the certificate of the justice of the peace and necessary statements, if it appeared by the certificate that the allegation of insanity had been sustained, it then became the duty of the clerk of the circuit court to apply to the superintendent of the proper hospital for the insane for the admission of the insane person. The clerk of the circuit court of Porter county applied to the superintendent of the Northern Indiana Hospital for the Insane for the admission of the appellant. The superintendent of that hospital notified the clerk of the acceptance of the application for the appellant. The clerk then issued a warrant to the sheriff commanding him to arrest and convey the petitioner to said hospital for the insane. When the sheriff has executed the warrant, it is the statutory duty of the superintendent of the hospital to indorse on the

warrant a receipt for the patient. Until the patient has been delivered to and received at the hospital for the insane, he has not been committed to same. At the time of filing his action in *habeas corpus,* the petitioner had not been committed to the hospital for the insane, and he could not then proceed on the ground that he was not insane under the section of the statute quoted herein.

The appellant says that the court erred during the trial in overruling the motion of the prosecuting attorney who appeared for the sheriff to strike out the evidence of all of petitioner's witnesses in regard to his sanity, and later refusing to consider the evidence in arriving at his finding. A party who introduces incompetent testimony cannot be heard to aver that the testimony was erroneously admitted. The evidence which the court heard on the question of the petitioner's sanity was not competent and it was not necessary to consider same in deciding the matter which was before the court.

The finding of the court against the petitioner was sustained by sufficient evidence and same was not contrary to law. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.