STATE EX REL. O'LEARY *v.* SMITH, JUDGE.

[No. 27,607.   Filed November 3, 1941.]

*Martin O'Leary*, of Michigan City, *pro se*.

PER CURIAM.—By this petition, the relator seeks a mandate against the respondent requiring the issuing of a writ of *habeas corpus*, and an inquiry into the legality of his restraint by the warden of the State Prison at Michigan City. The petition for the writ of *habeas corpus* is made an exhibit to the petition here. It appears upon its face that he is confined in the State Prison at Michigan City upon a commitment issued by the Franklin Circuit Court of Indiana, a court of general criminal jurisdiction, upon a judgment regular upon its face. He alleges that he filed his petition, and the respondent court has failed and refused to act upon it.

Section 3-1901, Burns' 1933, § 1020, Baldwin's 1934, provides: "Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of the

restraint, and shall be delivered therefrom when illegal." Section 3-1918, Burns' 1933, § 1033, Baldwin's 1934, provides: "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

The purpose of the writ of *habeas corpus* is to bring the person in custody before the court for inquiry into the cause of restraint. But it is clear that under the statute the respondent has no jurisdiction to inquire into the legality of the judgment or process whereby the relator is held, since it appears by relator's petition in the court below that he is held upon process issued upon a final judgment of a court of competent jurisdiction. It has been repeatedly held that the court has *no jurisdiction to proceed further* after it appears that the petitioner is held pursuant to such a valid writ and judgment.

Since the respondent has no jurisdiction to inquire into the custody, there is no jurisdiction to issue a writ commanding the warden of the prison to bring the prisoner into court for the purpose of inquiry.

The relator complains because the respondent has taken no action upon his petition. The only action that the respondent has jurisdiction to take is to dismiss the petition, since want of jurisdiction to act under it clearly appears upon its face.

The petition for mandate is denied.

NOTE.—Reported in 37 N. E. (2d) 60.