BRYARLY *v.* HOWARD, WARDEN

[No. 28,291. Filed June 17, 1947.]

Harold Bryarly, *pro se.*

STARR, J.—Appellant appeals from a judgment and order of the La Porte Circuit Court denying his application for writ of *habeas corpus*.

The petition for the writ of *habeas corpus* shows on its face that the appellant is imprisoned, detained, confined and restrained of his liberty by the appellee as Warden of the Indiana State Prison; that the cause of such imprisonment is a certain judgment and order of commitment of the Wabash Circuit Court, a court of general jurisdiction. Appellant alleges in said petition that his imprisonment is illegal and unconstitutional for the reason that the judgment of conviction of the Wabash Circuit Court was illegal in that: first, no indictment was returned against him by a lawfully drawn grand jury or read to him; second, he was denied the right of trial by an impartial jury; third, he was denied the right to be represented by counsel; fourth, he was denied the right to be confronted by witnesses against him; fifth, he was denied the protection of the 5th

Amendment to the United States Constitution in that he was compelled to be a witness against himself through a promised benefit by trickery and coercion.

The record shows that the affidavit by which appellant was charged with the crime of Armed Robbery upon which his conviction rests in the Wabash Circuit Court, was in the usual form.

The judgment and sentence of the Wabash Circuit Court is as follows:

"Comes now the State of Indiana by E. M. Weesner, Prosecuting Attorney, and come also said defendants Harold Bryarly and John Drudge in person and in the custody of the Sheriff of Wabash County, Indiana, in open Court upon an affidavit charging them with Armed Robbery for a plea thereto say that they are guilty. And said cause is now submitted to the Court for trial, after said defendants and each of them, being questioned concerning the charge and offered counsel for their defense, and to which offer said defendants and each of them refused counsel for their defense. And the Court having heard the evidence and being sufficiently advised in the premises now finds that the defendants, Harold Bryarly and John Drudge, are guilty as charged and that the defendant, John Drudge is 25 years of age and the defendant, Harold Bryarly, is 22 years of age.

"It is therefore considered, adjudged and decreed by the court that said defendants, Harold Bryarly and John Drudge, and each of them are guilty as charged, and that for the offense by them so committed that said defendants and each of them be and they are hereby committed to the Board of Trustees of the Indiana Reformatory for a determinate period of ten (10) years. And the Sheriff of said Wabash County is hereby charged with the execution of said order."

Thus it appears by the record in this case that appellant is confined in the State Prison at Michigan

City upon process, which is not questioned, issued upon a final judgment regular upon its face, of the Wabash Circuit Court, a court of general and competent criminal jurisdiction.

Section 3-1918, Burns' 1946 Replacement, provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . . Second, Upon any process issued on any final judgment of a court of competent jurisdiction."

It is our opinion that the LaPorte Circuit Court had no jurisdiction to inquire into the judgment or process of the Wabash Circuit Court under which the relator is held. It was stated in *State ex rel. O'Leary* v. *Smith, Judge*, (1941), 219 Ind. 111, 113, 37 N. E. (2d) 60:

"The purpose of the writ of *habeas corpus* is to bring the person in custody before the court for inquiry into the cause of restraint. But it is clear that under the statute the respondent (Judge of the LaPorte Superior Court) has no jurisdiction to inquire into the legality of the judgment or process whereby the relator is held, since it appears by relator's petition in the court below that he is held upon process issued upon a final judgment of a court of competent jurisdiction. It has been repeatedly held that the court has *no jurisdiction to proceed further* after it appears that the petitioner is held pursuant to such a valid writ and judgment."

Judgment Affirmed.

NOTE.—Reported in 73 N. E. (2d) 678.