TURNER v. O'NEAL AS SHERIFF OF MARION COUNTY ET AL.

[No. 29,529. Filed September 30, 1957.]

*William C. Erbecker* and *John O. Lewis,* both of Indianapolis, for appellant.

*No appearance for appellee.*

ARTERBURN, C. J. — Appellee O'Neal, Sheriff of Marion County, prevailed in a habeas corpus proceeding instituted by the appellant Turner. The appellant was held upon the request of the State of South Carolina as an alleged fugitive who had escaped from the South Carolina Penitentiary while serving a life sentence for murder of his uncle. A return was made by the Sheriff in the court below, followed by a hearing and trial, which terminated in a denial of the writ.

The purpose of a writ in such a case as this is to bring the person who is in custody before a court for

inquiry as to the legality of the restraint. *Bryarly v. Howard, Warden* (1947), 225 Ind. 183, 73 N. E. 2d 678; *Finkenbiner* v. *Dowd* (1952), 231 Ind. 416, 108 N. E. 2d 261.

There are a number of reasons why the appellant cannot prevail in this appeal. We find upon examination of the record that no notice of the filing of appellant's brief was ever served upon the appellee Sheriff of Marion County, or his attorney. A notice and copy of the brief was served upon the Attorney General of the State of Indiana. The State is not a party to this action, and, so far as we can find, the Attorney General has no obligation to appear for the Sheriff of Marion County; nor is he entitled to do so. Service upon the Attorney General is not service upon the Sheriff of Marion County. *State* v. *Nagel* (1928), 200 Ind. 270, 163 N. E. 97; *Baird, Sheriff* v. *Nagel* (1924), 194 Ind. 87, 142 N. E. 9, 30 A. L. R. 1319.

We are not, therefore, favored by any brief from the appellee Sheriff. However, regardless of the failure of appellant in the respect just mentioned, an examination of his brief reveals inadequacies, which prevents the granting of the relief asked in this court. *Bronnenberg* v. *Van Den Bosch, Supt. et al.* (1956), 235 Ind. 706, 135 N. E. 2d 519.

The assignment of errors states first, that the court erred in denying the writ; secondly, the trial court erred in overruling the petitioner's exceptions to the return made to the writ. The appellant, in his argument portion of the brief, is more specific, and contends that the arrest of the petitioner was initially illegal, because he was arrested on information received by a police officer by telegram from officials in the State of South Carolina and also upon a warrant from a court

of that State, which was two years old. Petitioner further contends that the requisition from the demanding State of South Carolina was defective and that the extradition warrant issued by the Governor of Indiana and served on the petitioner just prior to the trial, was legally insufficient on the ground that the Governor did not hold a hearing thereon at which the petitioner was present.

These questions were raised by objections to the various exhibits as they were introduced in evidence. No motion for new trial was filed, and the specific objections thus are not properly in any assignment of error. Appellant states that "This being an appeal from an interlocutory order no written motion for new trial was necessary . . . ." No authority is cited for this statement. The appeal in this case is from a final judgment of a court and is not from an interlocutory order. It has long been the recognized practice that errors occurring at and during the trial on a petition for a writ of habeas corpus must be raised by a motion for a new trial. *Gluff* v. *Rouls* (1950), 228 Ind. 186, 91 N. E. 2d 176; *Darst* v. *Forney, Sheriff* (1928), 199 Ind. 625, 159 N. E. 689; *Thornton* v. *Devaney* (1944), 223 Ind. 47, 57 N. E. 2d 579.

There is also a failure to set out at any place in the brief the exhibits introduced by the appellee Sheriff showing his authority for holding the appellant. *Cain* v. *Coffin, Sheriff* (1918), 187 Ind. 578, 120 N. E. 597. We have, however, in the interest of seeing that no miscarriage of justice exists in this case, examined the transcript and find that the warrant issued by the Governor of the State of Indiana for the extradition of the petitioner is in due form.

The Uniform Criminal Extradition Act does not provide, so far as we can find, for any hearing by the

Governor before he issues his warrant, based upon the proper certified papers from the requisitioning State. However, the Act does provide for a hearing before a court as to the legality of the restraint. Acts 1935, ch. 49, p. 134, being §9-419, *et seq.*, Burns' 1956 Replacement.

In habeas corpus proceedings for the release of one held under a rendition warrant as a fugitive from justice of another State, the court in Indiana cannot consider the alleged insufficiency of any charge made by the demanding State, nor the guilt or innocence of the alleged fugitive. The guilt or innocence of the petitioner is a matter to be determined by the demanding State. Acts 1935, ch. 49, §20, p. 134, being §9-438, Burns' 1956 Replacement; *South Carolina* v. *Bailey* (1933), 289 U. S. 412, 77 L. Ed. 1292, 53 S. Ct. 667; *Taylor* v. *Smith* (1938), 213 Ind. 640, 13 N. E. 2d 954.

In this case it appears from our examination of the transcript that the identity of the petitioner was established beyond doubt, as well as the fact that he was in the State of South Carolina at the time of the alleged offense against that State. The certified copies charging him as a fugitive from the State of South Carolina, as well as the extradition warrant issued by the Governor of this State, were all in proper form. *Kemper* v. *Metzger* (1907), 169 Ind. 112, 81 N. E. 663; *Cook* v. *Rodger, Sheriff* (1939), 215 Ind. 500, 20 N. E. 2d 933.

The judgment of the trial court is therefore affirmed.

Emmert, Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 1.