ANDREWS *v.* O'NEAL, SHERIFF ETC. ET AL.

[No. 29,878. Filed September 22, 1960. Rehearing denied December 13, 1960.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, *Richard E. Johnson,* Deputy Attorney General, and *Harold Zeis,* Supt. of State Police, for appellee.

ACHOR, J.—Appellant filed a verified petition for a writ of habeas corpus in the Marion County Criminal Court. The writ was denied and appellant filed a motion for new trial, which was overruled.

In the argument portion of appellant's brief, two issues are raised. The first contention is that appellant was arrested on a governor's warrant based on a void requisition from the governor of Alabama. This contention is based on the fact that the petitioner had taken refuge in the State of Alabama and not in the State of Indiana. The second contention is that appellant was deprived due process of law and equal protection of the law by not allowing the appellant to be present at the extradition hearing.

In answer to appellant's first contention, it is obvious from all the circumstances that the wording relied upon for reversal by appellant is a mere typographical error. Although the requisition was forwarded by the governor of *Alabama* to the governor of Indiana, it stated; ". . . and it has been represented to me that Will Arthur Andrews has fled from justice of this *state* and has taken refuge in the *State of Alabama.*" (Emphasis added.) If the appellant fled from "this state" (Alabama), how could he have taken refuge in the same state? Therefore, clearly the error was clerical only and the appellant cannot be heard to say that he was misled or harmed in any way by the error. The rule upon this issue has been stated in the case of *People ex rel. Patterson* v. *Barrow, Sheriff, etc.* (1954), 4 Ill. 2d 52, 122 N. E. 2d 179, as follows:

"It is well established that in cases involving extradition of one charged with a crime that courts will not interfere with a considered order of the executive unless the order be so palpably and conclusively shown to be wrong

as to warrant an inference of fraud or inadvertence."

There was no issue of fraud here and the "inadvertence" involved was wholly one of form and not of substance. Therefore, it would be improper for this court to interfere with the executive processes here involved. It must be remembered that at the hearing the appellant was identified by a witness as the same person named in the extradition requisition. The requisition was addressed to the governor of Indiana, which also shows the mistake was merely clerical.

In answer to appellant's second argument, it should be noted that the Uniform Criminal Extradition Act [starting with §9-401, Burns' 1956 Repl. (being Acts 1921, ch. 8, §1, p. 17)], does not provide for any hearing *before* the issuing of the governor's warrant. The act does not violate any right of due process of the appellant. It is only necessary that he be given an opportunity to be heard as to his rights at some stage in the proceedings. The proceeding now before us on appeal has provided that opportunity. [§9-428, Burns' 1956 Repl. (Acts 1935, ch. 49, §10, p. 134.)] *Turner* v. *O'Neal, Sheriff, etc. et al.* (1957), 237 Ind. 258, 145 N. E. 2d 1.

The decision of the lower court is therefore affirmed.

Arterburn and Landis, JJ., concur.

Bobbitt, J., concurs in the result.

Jackson, C. J., dissents with an opinion.

### DISSENTING OPINION

JACKSON, C. J.—I cannot agree with the conclusion reached in the majority opinion that the wording relied upon for the reversal by the appellant is a mere typo-

graphical error. The questioned part of the extradition requisition or demand of the Governor of Alabama reads as follows, to-wit: ". . . and it has been represented to me that Will Arthur Andrews has fled from justice of this State and has taken refuge in the State of Alabama."

The appellant is here held to answer to a very serious criminal charge in the State of Alabama. Certainly this court cannot in good conscience and as a matter of law be heard to say that such a glaring inaccuracy in the requisition, on such a serious charge, is a clerical error only, and that the appellant would not be misled or harmed in any way by the error.

The pertinent part of our statute as it concerns this case is found under Acts 1935, ch. 49, §5, p. 134 being §9-423 Burns' 1956 Replacement. Subsection one thereof provides that "A warrant of extradition shall not be issued unless the documents presented by the executive authority making the demand show that: . . . the accused was present in the demanding state at the time of the commission of the alleged crime and thereafter fled from the state." Obviously the requisition here in issue fails to show such fact, and hence for the purpose of this action is null and void. The state in its brief contends that the only question before the court in its habeas corpus hearing is as to the identity of the petitioner. The state's contention is partially true, however, in view of the fact that the requisition here in issue is not predicated on the commission of an offense by a person beyond the confines of the demanding state as provided in Acts 1935, ch. 49, §6, p. 134, being §9-424 Burns' 1956 Replacement, it follows that it is incumbent upon the state to prove two additional facts, that is, that the person sought to be extradited was within the confines of the demanding state at the time of the com-

mission of the alleged offense, and further that he thereafter fled from the demanding state. In the instant case the requisition, so far as we are able to ascertain from the briefs, failed to show the three essential elements necessary to enable the Governor of Indiana to legally issue his warrant for the arrest of the appellant. It is my opinion that the judgment of the trial court should be reversed.

NOTE.—Reported in 169 N. E. 2d 193.