LANE, ETC. *v.* HOBBS.

[No. 30,648. Motion to Dismiss Appeal or Affirm Judgment overruled April 29, 1965. Decision filed June 24, 1965. Rehearing denied September 27, 1965.]

*John J. Dillon*, Attorney General, and *David S. Wedding*, Deputy Attorney General, for appellant.

*Ralph W. Probst* and *Probst & Probst*, of Kendallville, for appellee.

### ON MOTION TO DISMISS.

MYERS, J.—This was a proceeding filed in the LaPorte Circuit Court by appellee to obtain his release from custody by means of a writ of habeas corpus. After a hearing, the LaPorte Circuit Court ordered that appellee be released from custody on December 16, 1963.

Appellant filed a motion for new trial which was overruled by the court, whereupon appellant proceeded to perfect an appeal by filing the transcript and assignment of errors on September 25, 1964.

In response to appellant's appeal, appellee has filed a motion to dismiss the appeal or affirm the judgment below. In his motion appellee contends that a decision following a hearing on a writ of habeas corpus is not a final judgment, but that it is in the nature of an interlocutory order. He further contends that an appeal from a decision on a writ of habeas corpus must be undertaken as provided for interlocutory orders

and that filing a motion for new trial is unnecessary. Accordingly, in view of the above, appellee claims that appellant's appeal was filed too late since the transcript and assignment of errors were filed more than thirty days after the decision on the writ of habeas corpus.

The issues raised by appellee were decided by this court on April 19, 1965. *Houtchens* v. *Lane, as Warden of Indiana State Prison,* and *Ward* v. *Lane, as Warden of Indiana State Prison,* combined Causes Nos. 30,717 and 30,718, 246 Ind. 540, 206 N. E. 2d 131, (Time for filing petition for rehearing has not expired.) See also *Turner* v. *O'Neal, Sheriff, etc., et al.* (1957), 237 Ind. 258, 145 N. E. 2d 1. In these decisions we held that the order in a habeas corpus proceeding, discharging or refusing to discharge a person from custody, is a final order or judgment and that it is not interlocutory in character. In the opinions referred to above, we also held that if there has been a trial in a habeas corpus proceeding, a motion for new trial is the proper means of presenting alleged error occurring during the trial or prior thereto.

Therefore, in the matter at hand, the appellant has followed the correct procedure and his appeal is in proper time. Appellee's motion to dismiss or affirm must be and is overruled.

Motion overruled.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENT.

JACKSON, J.—I am unable to agree with the conclusions to the majority opinion and therefore dissent thereto.

The case at bar is presented here on the narrow issue raised by appellee's Special Appearance and Motion to Dismiss the Appeal.

The majority opinion sufficiently sets forth the factual back ground of the motion and brings into clear focus the issue to be determined. The cases cited in the majority opinion are not determinative of the single issue here involved, namely, must the appeal from the decision in habeas corpus be perfected within thirty days?

The statute is clear and concise on the question, Acts 1921, ch. 251, §1, p. 741, §2-3218, Burns' 1946 Replacement and reads in pertinent part:

> "An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases:
> "  . . . .
> "  . . . .
> "  . . . .
> "Fourth.  Orders and judgments upon writs of habeas corpus made in term or in vacation."

Acts 1881 (Spec. Sess.), ch. 38, §789, p. 240, §3-1917, Burns' 1946 Replacement reads in pertinent part as follows:

> "The court or judge shall thereupon proceed, in a summary way, to hear and determine the cause; and if no legal cause be shown for the restraint or for the continuation thereof shall discharge the party."

It therefore seems that it is immaterial whether the appeal is designated as an appeal from an interlocutory order or a final judgment. The statutory language providing for the appeal as an interlocutory order limits the time within which to perfect the same to thirty days.

The relief sought and the remedy of habeas corpus contemplates a summary determination of the issue and denies the parties the right to trial by jury and limits quite arbitrarily the extent of the pleadings and the hearing. It therefore seems logical that time in which to appeal from the determination of the issue by the court would likewise be limited.

The motion to dismiss the appeal should be sustained.

NOTE.—Reported in 206 N. E. 2d 366.