WADE ET AL. *v.* LOVELLETTE, AS SHERIFF OF VIGO COUNTY.

[No. 1267S144. Filed August 20, 1968.]

*James F. Harper,* of Terre Haute, for appellants.

*Leonard P. Kincade,* of Terre Haute, for appellee.

PER CURIAM.—This is an appeal from a final judgment denying release and discharge from custody following a hearing and trial upon an application for a writ of habeas corpus.

The petitioners were remanded to the custody of the appellee to await officers from the State of Illinois on a charge of theft.

Appellee has urged that the appellants failed to comply with Rule 1-14B of this court which states:

"Whenever a new trial is requested on the ground or grounds that the verdict or decision is not sustained by sufficient evidence or is contrary to law, the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

This rule was effective March 1, 1967. The motion for new trial was filed in this case on September 14, 1967, without a memorandum, as required by the rule.

This court has held in *Turner* v. *O'Neal, Sheriff* (1957), 237 Ind. 258, 145 N. E. 2d 1 that the purpose of a writ of habeas corpus in an extradition matter is to bring the person who is in custody before a court for inquiry as to the legality of the restraint: *Bryarly* v. *Howard, Warden* (1947), 225 Ind. 183, 73 N. E. 2d 678; *Finkenbiner* v. *Dowd* (1952), 231 Ind. 416, 108 N. E. 2d 261.

Under the Uniform Extradition Act, the pertinent provision is set forth in Burns' Ind. Stat. § 9-438 (1956 Repl.) which states:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

The appellants have not challenged the fact of the identity of the appellants as the ones named in the Governor's

Warrant. In the case of *West* v. *McKeon* (1953), 232 Ind. 403, 113 N. E. 2d 45, it was held by this court that a warrant is valid on its face and is prima facie evidence of the matters recited therein.

Burns' Ind. Stat. § 9-421 (1956 Repl.) provides as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

In the case of *Andrews* v. *O'Neal, Sheriff, et al.* (1960), 241 Ind. 180, 169 N. E. 2d 193, the court stated that it is well established that in cases involving extradition of one charged with a crime the courts will not interfere with a considered order of the executive unless the order be so palpably and conclusively shown to be wrong as to warrant an inference of fraud or inadvertence.

Without ruling on the technicalities raised by the appellee, but on the merits, it appears that the trial court had before it sufficient evidence upon which to base its decision.

The decision of the lower court is, therefore, affirmed.

Jackson, J. dissents.

Mote, J. not participating.

NOTE—Reported in 239 N.E. 2d, 585.