**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 21 2014, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE:

**TIMOTHY E. STROWMATT**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY E. STROWMATT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1402-PC-70 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1401-PC-4

**July 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Timothy E. Strowmatt ("Strowmatt"), pro se, appeals the trial court's order dismissing his petition for writ of state habeas corpus.

We affirm.

ISSUE

Whether the trial court erred by treating Strowmatt's habeas corpus petition as a petition for post-conviction relief and dismissing it as an unauthorized successive post-conviction petition.

FACTS

In December 2004, Strowmatt had a bench trial before the St. Joseph Superior Court and was convicted of two counts of Class C felony attempted criminal confinement and found to be an habitual offender. The trial court sentenced Strowmatt to an aggregate term of twenty-eight years (i.e., consecutive terms of eight (8) years for each conviction with Count I enhanced by twelve (12) years for his habitual offender determination).

Thereafter, Strowmatt filed a direct appeal, and we affirmed his convictions in September 2005. *See Strowmatt v. State*, 71A03-0501-CR-22 (Ind. Ct. App. Sept. 9, 2005), *trans. denied*. Strowmatt later filed a petition for post-conviction relief, which the post-conviction court denied. Upon appeal, this Court affirmed the denial of post-conviction relief to Strowmatt in June 2010. *See Strowmatt v. State*, 71A05-0910-PC-587 (Ind. Ct. App. June 18, 2010), *trans. denied*.

On July 26, 2013, Strowmatt, who is incarcerated in Henry County, filed a petition for writ of state habeas corpus with the Henry Circuit Court. In his petition, Strowmatt alleged that he was "illegally confined at the New Castle Correctional Facility under an

illegal and erroneous sentence[.]" (App. 13). Strowmatt alleged that the trial court should order his "immediate release" based on the following allegations of sentencing errors: (1) his two attempted criminal confinement convictions constituted a "single episode of criminal conduct" and the trial court should have sentenced him pursuant to INDIANA CODE § 35-50-1-2(c); (2) the trial court exceeded its authority by sentencing him to the statutory maximum sentence of eight years for each attempted criminal confinement conviction "without submitting the facts to a jury[;]" and (3) the trial court erred in sentencing him to consecutive sentences because it failed to "explain its reason(s)" for imposing consecutive sentences. (App. 13).

On July 30, 2013, the Henry Circuit Court determined that Strowmatt's petition was improperly attacking the validity of his convictions and sentence and should be treated as a post-conviction petition. The Henry Circuit Court then transferred the matter to the St. Joseph Superior Court. On January 22, 2014, the St. Joseph Superior Court entered an order dismissing Strowmatt's habeas corpus petition after determining that it was an unauthorized successive post-conviction petition. Strowmatt now appeals.

## DECISION

Strowmatt argues that the trial court erred by treating his habeas corpus petition as a post-conviction petition and dismissing it as an unauthorized successive post-conviction petition.

INDIANA CODE § 34–25.5–1–1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is

3

illegal." "'The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint.'" *Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001) (quoting *O'Leary v. Smith*, 219 Ind. 111, 113, 37 N.E.2d 60, 60 (1941)), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008), *trans. denied*. "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* (quoting *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)). "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Id.* When a petitioner files a habeas corpus petition challenging the validity of his conviction or sentence, Indiana Post-Conviction Rule 1 provides that such a petition shall be "transfer[ed] . . . to the court in which the conviction took place" and treated as a petition for post-conviction relief. Ind. Post-Conviction Rule 1(1)(c). *See also Partlow*, 756 N.E.2d at 980 (explaining that "a petitioner must file a petition for post-conviction relief in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration) when he attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge"), (citing Ind. Post–Conviction Rule 1).

Here, while Strowmatt asserted in his habeas corpus petition that he was entitled to immediate release, it is clear that his petition is challenging the validity of his sentence. Indeed, in his appellate brief, Strowmatt asserts that either the Henry Circuit Court or the St. Joseph Superior Court "could [have] correct[ed] the sentencing error(s) as raised." (Strowmatt's Br. at 5). Because Strowmatt's petition challenges the validity of his

4

sentence, the trial court properly treated it as a post-conviction petition and transferred it to the St. Joseph Superior Court where he was convicted and sentenced. *See, e.g.*, *Miller v. Lowrance*, 629 N.E.2d 846, 847 (Ind. 1994) (explaining that a petitioner's habeas corpus petition challenging the validity of his conviction and sentence fell within the parameters of Post-Conviction Rule 1(1)(c), which required the trial court to transfer the petition to court where he was convicted and sentenced), *reh'g denied*; *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009) (holding that the petitioner's habeas corpus petition that challenged his convictions and sentence was required to be transferred to the court where he was convicted and sentenced).

The trial court also properly dismissed Strowmatt's petition as an unauthorized successive post-conviction petition. Our Indiana Supreme Court has explained that when a petitioner's post-conviction "petition is not the first for post-conviction relief a petitioner has filed, that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions." *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008). Under Post-Conviction Rule 1(12), a petitioner must file, with the Clerk of the Indiana Supreme Court and Indiana Court of Appeals, a petition seeking *permission* to file a successive post-conviction petition as well as a proposed successive petition for post-conviction relief. *See* P-C.R. 1(12)(a). If a petitioner establishes a "reasonable possibility that [he] is entitled to post-conviction relief," this Court will authorize the filing of the successive post-conviction petition, which is then filed in the court where the petitioner's first post-conviction relief petition was adjudicated. *See* P-C.R. 1(12)(b), (c).

5

Here, Strowmatt has already filed a petition for post-conviction relief, and this Court affirmed the denial of that petition. Thus, upon receiving Strowmatt's habeas corpus petition and treating it as a post-conviction petition, the trial court properly dismissed Strowmatt's petition as an unauthorized successive petition. *See State ex rel. Woodford v. Marion Superior Court*, 655 N.E.2d 63, 66 (Ind. 1995) (affirming the trial court's dismissal of a successive post-conviction petition where the petitioner had not been given persmission to file the petition). Accordingly, we affirm the trial court's dismissal of Strowmatt's petition.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.