**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 17 2014, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE:

**ROBERT P. BENAVIDES**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT P. BENAVIDES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1405-PC-318 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1403-PC-1

**September 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Robert P. Benavides ("Benavides")—who is incarcerated in Henry County and has already had the denial of his petition for post-conviction relief affirmed on appeal—filed a petition for writ of state habeas corpus with the Henry Circuit Court. Because Benavides challenged his sentence in his habeas petition, the Henry Circuit Court determined his petition was to be treated as a petition for post-conviction relief and transferred the case to the Delaware Circuit Court, where Benavides had been convicted and sentenced. The Delaware Circuit Court, after determining that Benavides's petition was an unauthorized successive post-conviction petition, dismissed his petition. Benavides, pro se, appeals the trial court's order dismissing his petition for writ of state habeas corpus. Finding no error, we affirm the court's dismissal of Benavides's petition.

We affirm.

## ISSUE

Whether the trial court erred by treating Benavides's habeas corpus petition
as a petition for post-conviction relief and dismissing it as an unauthorized
successive post-conviction petition.

## FACTS

In December 2002, the State charged Benavides with: Count 1, Class B felony armed robbery; Count 2, Class B felony burglary; Count 3, Class B felony unlawful possession of a firearm by a serious violent felon; and Count 4, Class A misdemeanor possession of marijuana. These crimes were alleged to have been committed in Delaware County. On March 13, 2003, Benavides entered into a written plea agreement in which he agreed to plead guilty to the Class B felony burglary charge in exchange for the State's

2

dismissal of the remaining three charges. The trial court accepted his plea and imposed a ten (10) year executed sentence in the Department of Correction. The trial court also ordered that Benavides's sentence be served consecutive to his sentences in two other causes, specifically 18C03-0007-CF-52 and 18C01-0212-FB-21.

In October 2010, Benavides filed a pro se petition for post-conviction relief. In his petition, he alleged that his trial counsel had rendered ineffective assistance by overlooking a potential defense and by incorrectly advising him on penal consequences. In July 2012, Benavides filed a motion to have his sentences run concurrently, and the post-conviction court denied that motion in August 2012. The post-conviction court denied Benavides's petition for post-conviction relief in September 2012. While Benavides's post-conviction appeal was pending, he filed with the trial court a motion to correct erroneous sentence, which the post-conviction court denied in April 2013. In July 2013, this Court affirmed the trial court's denial of post-conviction relief. *See Benavides v. State*, 18A04-1210-PC-511 (Ind. Ct. App. July 24, 2013), *trans. denied*.

On February 26, 2014, Benavides, who is incarcerated in Henry County, filed a pro se petition for writ of state habeas corpus with the Henry Circuit Court. In his petition, Benavides alleged that he was being illegally restrained at the New Castle Correctional Facility. Benavides alleged that his plea agreement contained a provision for concurrent sentences and that the trial court had violated the terms of his plea agreement when it sentenced him to consecutive sentences for his burglary conviction

3

and his sentence under cause 18C01-0212-FB-21.[1]  Thereafter, the State filed a motion to transfer Benavides's habeas petition to Delaware County, arguing that Benavides's motion was attacking his sentence and should be treated as a petition for post-conviction relief.  On March 25, 2014, the Henry Circuit Court—after determining that Benavides's petition was improperly attacking the validity of his sentence and should be treated as a post-conviction petition—entered an order transferring the matter to the Delaware Circuit Court.

After the case was docketed in Delaware County, the State filed a motion to dismiss Benavides's post-conviction petition, arguing that it was an unauthorized successive post-conviction petition.  On April 17, 2014, the Delaware Circuit Court granted the State's motion and dismissed Benavides's petition as an unauthorized successive petition.  Benavides now appeals.

#### DECISION

Benavides argues that the trial court erred by treating his habeas corpus petition as a post-conviction petition and dismissing it as an unauthorized successive post-conviction petition.

INDIANA CODE § 34–25.5–1–1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal."  "'The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint.'"  *Partlow v. Superintendent,*

---

[1] Benavides did not attach a copy of his plea agreement to his petition and has not included a copy in the record on appeal.

*Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001) (quoting *O'Leary v. Smith*, 219 Ind. 111, 113, 37 N.E.2d 60, 60 (1941)), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008), *trans. denied.* "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* (quoting *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)). "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Id.* When a petitioner files a habeas corpus petition challenging the validity of his conviction or sentence, Indiana Post-Conviction Rule 1 provides that such a petition shall be "transfer[ed] . . . to the court in which the conviction took place" and treated as a petition for post-conviction relief. Ind. Post-Conviction Rule 1(1)(c). *See also Partlow*, 756 N.E.2d at 980 (explaining that "a petitioner must file a petition for post-conviction relief in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration) when he attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge") (citing Ind. Post–Conviction Rule 1).

Here, while Benavides asserted in his habeas corpus petition that he was being illegally restrained, it is apparent that his petition is challenging the validity of his sentence and plea agreement. Indeed, in his appellate brief, Benavides acknowledges that he is challenging the trial court's imposition of consecutive sentences. Because Benavides's petition challenges the validity of his sentence, the Henry Circuit Court properly treated it as a post-conviction petition and transferred it to the Delaware Circuit Court where he was convicted and sentenced. *See, e.g.*, *Miller v. Lowrance*, 629 N.E.2d

5

846, 847 (Ind. 1994) (explaining that a petitioner's habeas corpus petition challenging the validity of his conviction and sentence fell within the parameters of Post-Conviction Rule 1(1)(c), which required the trial court to transfer the petition to court where he was convicted and sentenced), *reh'g denied*; *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009) (holding that the petitioner's habeas corpus petition that challenged his convictions and sentence was required to be transferred to the court where he was convicted and sentenced).

The Delaware Circuit Court also properly dismissed Benavides's petition as an unauthorized successive post-conviction petition. Our Indiana Supreme Court has explained that when a petitioner's post-conviction "petition is not the first for post-conviction relief a petitioner has filed, that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions." *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008). Under Post-Conviction Rule 1(12), a petitioner must file, with the Clerk of the Indiana Supreme Court and Indiana Court of Appeals, a petition seeking *permission* to file a successive post-conviction petition as well as a proposed successive petition for post-conviction relief. *See* P-C.R. l(12)(a). If a petitioner establishes a "reasonable possibility that [he] is entitled to post-conviction relief," this Court will authorize the filing of the successive post-conviction petition, which is then filed in the court where the petitioner's first post-conviction relief petition was adjudicated. *See* P-C.R. l(12)(b), (c).

Here, Benavides has already filed a petition for post-conviction relief, and this Court affirmed the denial of that petition. Thus, upon receiving Benavides's habeas corpus petition and treating it as a post-conviction petition, the Delaware Circuit Court

6

properly dismissed Benavides's petition as an unauthorized successive petition. *See State ex rel. Woodford v. Marion Superior Court*, 655 N.E.2d 63, 66 (Ind. 1995) (affirming the trial court's dismissal of a successive post-conviction petition where the petitioner had not been given permission to file the petition). Accordingly, we affirm the Delaware Circuit Court's dismissal of Benavides's petition.

Affirmed.[2]

NAJAM, J., and BAILEY, J., concur.

---

[2] Benavides also challenges the Delaware Circuit Court's order dismissing his petition on the basis of the court's comment that Benavides was making the same argument in his petition that he made in his first post-conviction petition. Because we conclude that the Delaware Circuit Court properly dismissed Benavides's petition as an unauthorized successive post-conviction petition, we need not address this argument.