## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 08 2017, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Thomas E. Sparks
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas E. Sparks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 8, 2017

Court of Appeals Case No.
89A04-1605-CR-1014

Appeal from the Wayne Superior Court.
The Honorable Gregory A. Horn, Judge.
Cause No. 89D02-9602-CF-8

**Darden, Senior Judge**

## Statement of the Case

In 1996, Thomas Sparks was convicted of Class B felony dealing in a controlled substance, and was found to be an habitual offender. Since his original conviction and sentencing, Sparks has filed multiple pleadings in the trial and

post-conviction courts, and appeals with this Court, attacking his underlying conviction and habitual offender adjudication. He now appeals from the denial of his application for a writ of habeas corpus but fails to present an argument which supports his claim that he is entitled to immediate discharge. We affirm.

## Issues

Sparks raises the following issues (restated) for review:

> I. Whether the trial court should have allowed him to withdraw his guilty plea in a 1986 case that resulted in a conviction that was used as evidence in his 1996 habitual offender adjudication;
>
> II. Whether Sparks was denied effective assistance of trial counsel; and
>
> III. Whether the trial court erred in sentencing him in the 1986 case.

## Facts and Procedural History

. . . Sparks and Belinda Goodwin had a tumultuous relationship which spanned more than fifteen years. The relationship continued while Sparks was incarcerated at the Indiana Department of Correction from 1986 to 1996, for dealing in a schedule II controlled substance. Upon his release from prison, Sparks and Goodwin spent several days together at a motel, where they engaged in sexual activity and used drugs. Thereafter, Sparks left and stayed with his ex-girlfriend.

Consequently, Goodwin contacted the Indiana State Police and assisted the law enforcement agency in conducting a controlled buy from Sparks. After Goodwin introduced the undercover officer to Sparks at Sparks' residence, the officer exchanged three VCRs for three of Sparks' dilaudid pills. Subsequently, the State charged Sparks with dealing in a schedule II controlled substance, a class B felony, and also sought an habitual offender

enhancement.

*Sparks v. State*, Cause No. 89A05-9907-CR-331, slip op. at 2-3 (Ind. Ct. App. July 12, 2000), *trans. denied*. It appears that one of the prior unrelated felonies used as evidence for the habitual offender adjudication was a 1986 Class B felony dealing in a schedule II controlled substance conviction, which was the result of a guilty plea and for which Sparks received a twenty-year sentence.

[4] Sparks's jury trial under the instant lower cause number was held in 1996, and Sparks was found guilty as charged. Sparks was sentenced to twenty years on the Class B felony dealing in a controlled substance conviction, and the sentence was enhanced by thirty years due to the habitual offender finding.

[5] After his 1996 jury trial, Sparks filed a motion to correct error, claiming that one of the jurors committed misconduct during voir dire. The trial court denied the motion. *Id*. Sparks then filed a direct appeal, claiming that the trial court erroneously denied the motion to correct error and that the evidence was insufficient to sustain his conviction. *Id*. This Court affirmed and our Supreme Court subsequently denied transfer. *Id*.

[6] In 2001, Sparks filed a petition for post-conviction relief, arguing that new evidence had been discovered that suggested that the State had suppressed exculpatory evidence. *Sparks v. State*, 89A01-0404-PC-00160, slip op. at 3 (Ind. Ct. App. November 12, 2004). The post-conviction court denied relief, and Sparks appealed. *Id*. This Court affirmed.

[7] In 2005, Sparks requested permission to seek successive post-conviction relief under Cause Number 89A01-0404-PC-00160. This Court denied his request.

[8] In 2015, Sparks filed a motion to correct erroneous sentence. On February 18, 2016, the trial court denied the motion.

[9] The current case began on February 25, 2016, when Sparks filed a "Notice of Filing Writ of Habeas Corpus." The trial court dismissed the notice on February 29, 2016. On March 14, 2016, Sparks filed an "Application for a Writ of Habeas Corpus," alleging that he was being held illegally at the Indiana State Prison because the previous convictions that formed the basis of his habitual offender finding "were proven on the face of the record to be void." *See* Appellant's Br. p. 55. The trial court dismissed the application on March 30, 2016, stating that it did not meet the requirements because it was unverified.

[10] On April 18, 2016, Sparks filed an acknowledgment of his pleading by a witness, stating that he was thereby verifying the *notice* the trial court had dismissed on February 29, 2016. The trial court found that the acknowledgement lacked clarity and treated it as a motion to correct error/motion to reconsider the court's dismissal of the notice. The court denied Sparks's acknowledgment as untimely, because it was filed more than thirty days after the February 29th dismissal of the notice. Sparks appeals.

## Discussion and Decision

[11] Sparks appeals from the denial of his application for writ of habeas corpus. Therefore, the only issue on appeal should be whether the trial court erred by

denying Sparks's application.[1] Indiana Code section 34-25.5-1-1 (1998) provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *State ex rel. O'Leary v. Smith*, 219 Ind. 111, 113, 37 N.E.2d 60, 60 (1941). "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978). "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Partlow v. Superintendent, Miami Corr. Facility,* 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State,* 888 N.E.2d 818, 826 (Ind. Ct. App. 2008) (citing *Hawkins,* 268 Ind. at 140, 374 N.E.2d at 498 (citing Ind. Post-Conviction Rule 1(1)(c), which states that a writ of habeas corpus that attacks a conviction or sentence must be transferred to the court of conviction and treated as though filed as a post-conviction relief petition)).

[12] Sparks's application for writ of habeas corpus was not a proper writ for habeas corpus because it attempted to challenge his 1996 conviction and sentence, in addition to his 1996 sentence enhancement after an habitual offender finding.

---

[1] It is not entirely clear from the record whether this issue is properly before this Court. We, nevertheless, exercise our judicial discretion and address the issue.

This appeal represents Sparks's most recent attempt to collaterally attack his previous convictions, adjudications, and sentences which we will not entertain. The decision of the trial court is affirmed.

# Conclusion

For the reasons stated, we affirm the trial court's decision.

Affirmed.

Bradford, J., and Brown, J., concur.