17,574.

## CLAYBORN v. TOMPKINS.

JUSTICE OF PEACE.—*Witness, Power to Require to Give a Recognizance for His Appearance.*—A justice of the peace has no jurisdiction to make an order requiring a witness to give a recognizance for his appearance except (1) where a continuance of a criminal case is granted; (2) where a change of venue is granted; (3) and where the offense charged is a felony, and he recognizes the accused to appear at the next term of the criminal or circuit court of the county. He has no power to require a witness, when subpœnaed to appear at a day in the future, to give a recognizance for his appearance on the day set for trial.

SAME.— *Continuance, Witness Giving a Recognizance for Appearance, When Must.*—A continuance of a criminal cause which will authorize a justice of the peace to require a witness to give a recognizance for his appearance means any necessary postponement or delay of the trial made after the issue of the warrant; but it is not necessary that the accused be arrested before such a recognizance can be taken.

SAME.—*Jurisdiction, Presumption.*—A justice of the peace holds a court of special and limited jurisdiction, and nothing will be held to be within its jurisdiction except that which is expressly so shown.

SAME.—*Inferior Courts, Presumption as to Jurisdiction.—Parol Evidence to Show Jurisdiction.*—If the record of an inferior court, by virtue of whose order or judgment the petitioner is restrained, does not show on its face facts necessary to give the court jurisdiction, they will be presumed not to have existed, but such presumption may be rebutted and the jurisdictional facts established by extrinsic evidence.

HABEAS CORPUS.—*Returns, Controverting.—Exceptions.*—The petitioner may except to the sufficiency of or controvert a return, or any part of it, or allege any new matter in evidence. Its sufficiency can only be tested by an exception thereto.

SAME.—*Return Insufficient.—Evidence not Necessary.*—If the return be insufficient the person restrained may be released without any further hearing or evidence.

From the Henry Circuit Court.

*Brown & Brown*, for appellant.

*F. E. Beach*, for appellee.

McCABE, C. J.—The appellant filed a petition in the

circuit court charging the appellee, the sheriff of Henry county, with unlawfully restraining him of his liberty and praying for a writ of *habeas corpus*.

The writ duly issued and the appellee made a return thereto that he was sheriff of the county and custodian and keeper of the jail of said county, and holds appellant therein by reason of a mittimus issued to him by Thomas J. Johnson, justice of the peace of Henry township, Henry county, State of Indiana, reading as follows:

"STATE OF INDIANA, ⎤
  "COUNTY OF HENRY, ⎦

"Whereas, William H. Clayborn was duly subpœnaed to appear before me, an undersigned justice of the peace, on the 9th day of March, 1895, at 10 o'clock A. M. to testify on the part of the plaintiff as prosecuting witness in five cases of the State of Indiana against John Hipes, charged in five affidavits by said William H. Clayborn, prosecuting witness, with unlawfully selling intoxicating liquors to minors; and whereas, said William H. Clayborn was required by me to enter into recognizance with sufficient surety, in the sum of $200, for his appearance on said 9th day of March, 1895, at 10 o'clock A. M., to testify as such prosecuting witness in said causes, and the said William H. Clayborn, prosecuting witness, having failed to enter into such recognizance in said sum of two hundred dollars, as required by me.

"To the keeper of the jail of Henry county, Indiana: You are therefore commanded to confine said William H. Clayborn in the jail of said county until discharged by due course of law.

"Dated this 6th day of March, 1895.
                    "THOMAS J. JOHNSON, J. P. [Seal]."

It appears from this mittimus that appellant had been subpœnæd to appear before the justice on the 9th day of

March to testify, as a witness, in certain criminal cases stated on behalf of the State. Three days before the time he was required by the subpœna to appear as such witness, the justice makes an order requiring him to enter into a recognizance, with surety in the penalty of $200, to appear in obedience to the process. There are only three cases in which a justice may require witnesses to enter into a recognizance:

"1. Where a continuance of a criminal case is granted.

"2. Where changes of venue are granted on the application of the prisoner.

"3. When the offense charged is a felony and the justice recognizes the accused to appear at the next term of the criminal or circuit court of the county." Burns R. S. 1894, sections 1699, 1701, 1703 (R. S. 1881, sections 1630, 1632, 1634).

Such continuance must be held to mean any necessary postponement or delay of the trial made after the issue of the warrant, even though before the arrest of the accused thereon.

The mittimus does not show that the justice's order that appellant enter into a recognizance, was made in either of the three cases above mentioned. Standing alone, unaided by any presumption, it appears therefrom that appellant had been subpœnaed to appear as a witness before the justice on the 9th day of March, 1895, and that three days before the day set for his appearance the justice ordered him to enter into a recognizance to appear on the same day. If nothing more is shown or presumed the justice had no jurisdiction to make the order requiring him to enter into the recognizance.

The statute on the subject of *habeas corpus* provides that the sheriff or other person to whom the writ is di-

Clayborn v. Tompkins.

rected shall make immediate return thereof, signed and verified, which shall state:

1. The authority or cause of the restraint.

2. If the authority be in writing he shall return a copy and produce the original on the hearing.

The plaintiff may except to the sufficiency of, or controvert, the return or any part thereof, or allege any new matter in avoidance. The sufficiency of the return can only be tested by an exception thereto. *McGlennan* v. *Margowski*, 90 Ind. 150; *Sturgeon* v. *Gray*, 96 Ind. 166.

If the return be held insufficient, the person restrained may be released without any further hearing or evidence. *Joab* v. *Sheets*, 99 Ind. 328.

A justice of the peace is a court of special and limited jurisdiction. And it is thoroughly established law that nothing will be presumed without the jurisdiction of a court of general and superior jurisdiction, but that which is specially made so to appear; and nothing will be presumed to be within the jurisdiction of a court of special and limited jurisdiction, but that which is expressly so shown. *Board, etc.,* v. *Markle*, 46 Ind. 96, and authorities there cited.

Hurd Habeas Corpus (2d ed.), pages 366, 367, on the subject of such presumptions as to courts of such limited and inferior jurisdiction in *habeas corpus* cases lays down the rule and, we think, correctly, as follows:

"1st. If the record does not show upon its face the facts necessary to give the court jurisdiction, they will be presumed not to have existed; but this presumption may be rebutted and the jurisdictional facts established by extrinsic evidence."

In 9 Am. & Eng. Encyc. of Law, it is laid down that "the return should show an express and certain cause of commitment. Upon the return to a writ of *habeas corpus* the cause of imprisonment ought to appear as specifically

and certainly to the judges before whom it is returned, as it did to the court or person authorized to commit." See notes 2 and 3, and authorities there cited.

Tested by these rules the return was insufficient, and the exceptions thereto ought to have been sustained and leave given, if desired by the appellee, to amend his return. Burns R. S. 1894, section 1131 (R. S. 1881, section 1117, *supra*).

The circuit court erred in overruling the exceptions.

The judgment is reversed and the cause remanded, with instructions to the trial court to sustain the exceptions of appellant to appellee's return, and grant leave to appellee to amend his return if he so desires, by showing the jurisdictional facts, if they in fact existed in the justice to require the appellant to enter into a recognizance.

