HOLLAND *v.* RAISOR.

[No. 869S174. Filed April 7, 1971. Petition for certiorari granted June 22, 1971. Rehearing denied June 22, 1971.]

*Cooper, Cooper, Cooper, Cox & Jacobs, Charles W. Cooper, William Prime,* of Madison, for appellant.

*Harold E. Ford,* Prosecuting Attorney, *Ted R. Todd,* of Madison, for appellee.

HUNTER, J.—Appellant sought relief, by way of a petition for a writ of habeas corpus, from an alleged wrongful detention by appellee, Harold Raisor, Sheriff of Jefferson County, Indiana. The sheriff's return alleged that the restraint of appellant was lawful in that it was accomplished by virtue of a warrant issued by the Governor of this state in response to a request by the Governor of Tennessee for appellant's extradition. The warrant charged appellant with the offenses of unlawful possession of drugs and narcotics, and assault with intent to commit murder in the first degree, all occurring in the State of Tennessee.

It appears from the record that appellant's petition for writ of habeas corpus was filed on April 8, 1969. On the next day a writ was issued commanding appellee to have appellant before the court on April 14th at 9:30 A.M. for the purpose of conducting a hearing on the matter. Prior to the hearing, but on the 14th of April, the sheriff filed his return to the writ. At the same time appellant sought leave to file exceptions thereto. Appellant also petitioned for leave to file an amended petition for writ of habeas corpus in which he raised several issues relating to his restraint not raised in his original petition.

For reasons not clear, the trial judge refused to grant appellant time in which to file exceptions to the sheriff's

return; appellant's petition to file an amended petition for writ of habeas corpus was likewise refused on the ground that the amended petition contained nothing which was not known to the petitioner at the time he filed his original petition.

Upon a hearing of the evidence, the trial judge determined that the restraint of appellant was lawful; on the basis of this finding, appellee was authorized to deliver appellant to one Talmadge Kelley, the person named in the Governor's Warrant to receive him.

Assigned as error on this appeal is the overruling of appellant's motion for new trial. In that motion, several issues are raised for our consideration, only one of which we need discuss in any detail. Appellant contends that the trial court erred in its refusal to grant him time in which to file an exception to the sheriff's return. We agree.

Ind. Ann. Stat. § 3-1915 (1968 Repl.) provides in pertinent part:

> "The plaintiff may except to the sufficiency of, or controvert the return, or any part thereof, or allege any new matter in avoidance; . . ."

As we have held on past occasions, excepting to the return is the *only* manner in which a petitioner may challenge the sufficiency of the return filed. *McGlennan* v. *Margowski* (1883), 90 Ind. 150; *Clayborn* v. *Tompkins* (1894), 141 Ind. 19, 40 N. E. 121; *Kemper* v. *Metzger* (1907), 69 Ind. 112, 81 N. E. 663; *Rice* v. *Magenheimer* (1947), 225 Ind. 441, 75 N. E. 2d 906. While we are appreciative of the language found at Ind. Ann. Stat. § 3-1917 (1968 Repl.) directing the court or judge to proceed in a summary way in hearing and determining the cause, we do not feel that justice is served by conducting the proceedings in such a speedy manner as to deny a petitioner the right to challenge his detention on all available grounds. Clearly a challenge may be directed at the sufficiency of the return made, and where the return filed is held to be insufficient, the person restrained

is entitled to be released. *Clayborn* v. *Tompkins, supra.* It was therefore incumbent upon the trial judge to allow for a reasonable time during which the petitioner might except to the sheriff's return. Making such an allowance would not have necessitated a re-docketing of the hearing had the trial judge directed the sheriff to make his return prior to the date set for hearing. The operation of the great writ,—habeas corpus, should not be unreasonably impaired by refusing a petitioner opportunity to proceed as statutorily provided.

In this same light we feel compelled to briefly comment on one other of the alleged errors asserted by appellant for the nature of the "error" has great importance to one seeking to avail himself of the writ. Appellant argues that the trial court erred in its refusal to grant him leave to amend his original petition; under the facts in this particular case, however, the trial court's refusal to allow the amendment was not error for the writ had already been issued. Although we specifically do not approve of the grounds upon which the judge based his refusal, we feel he committed no error since the petition had served its primary purpose,—the issuance of the writ. Had appellant wished to raise new matter pertaining to the lawfulness of his restraint, his right to do so was secured by § 3-1915. We see no valid reason for limiting the application of that sentence of the statute above quoted in any way so as to preclude a petitioner from presenting any and all valid grounds for relief available to him. This right nevertheless, should not be interpreted as a license to unreasonably prolong the habeas corpus proceeding. By directing the sheriff to make his return in advance of the date set for hearing, a petitioner would then have an opportunity to review his position and timely raise new matter for consideration at the hearing.

For the foregoing reasons, the judgment of the trial court must be reversed and the trial court is directed to grant appellant's request for a new trial.

Judgment reversed.

Arterburn, C.J., DeBruler and Givan, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 268 N. E. 2d 102.

## ON PETITION FOR REHEARING

HUNTER, J.—Appellee has filed a petition for rehearing in this case accompanied by a petition for certiorari. We have granted appellee's petition for certiorari, but a careful review of the matter thus brought before the court fails to persuade us that our original opinion was in error.

The supplemented record discloses that appellant was told, prior to the hearing on habeas corpus, that he was entitled to attack the sufficiency of the return at the hearing notwithstanding the fact that he was denied leave to file a reply to such return. It is also pointed out that our decision reverses case law to the effect that a petitioner in habeas corpus proceedings waives the right to reply to the sheriff's return by going to trial without first so replying.

As to the second point, it can hardly be said that appellant "waived" the right to file a reply since he specifically requested the court time in which to do so. This request was denied and appellant had little choice but to proceed as directed with the hearing. The hearing was scheduled to commence at 9:30 A.M. and the sheriff's return was filed on the same day, but just prior to that time. To say that appellant waived the right to a reply under this state of facts by proceeding with the hearing to except to the return's sufficiency would be to severely limit his right under Ind. Ann. Stat. § 3-1915 (1968 Repl.). We see no conflict with such a holding and the cases of *Rice* v. *Magenheimer* (1947), 225 Ind. 441, 75 N. E. 2d 906 and *Thornton* v. *Devaney* (1944), 223 Ind. 47, 57 N. E. 2d 579 cited by appellant.

Additionally, the fact that appellant was told, prior to the hearing, that he was entitled to attack the sufficiency of the return during the course of the hearing does not correct the error upon which we originally reversed. Our primary con-

cern was, and is, that a petitioner in a habeas corpus proceeding have time in which to except to the sheriff's return. That he may do so at the hearing is of little help if the return is received only minutes beforehand. Although we again acknowledge that habeas corpus proceedings are properly conducted in a summary manner, we also feel a petitioner should have an opportunity to expeditiously respond as statutorily provided.

For these reasons, appellee's petition for rehearing must be denied.

Petition denied.

Arterburn, C.J., DeBruler and Givan, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 270 N. E. 2d 878.