OPINION
FRIEDLANDER, Judge.
Kathleen Peterink pleaded guilty to Possession of Marijuana[1] as a class A misdemeanor and was subsequently sentenced to one year imprisonment suspended to probation, which was to include six months on home detention. Peterink challenges the sentence imposed, presenting two issues for our review:
1. Is the sentence imposed contrary to Ind.Code Ann. § 35-50-3-1 (West, Westlaw current through legislation effective May 31, 2012)?
2. Is a defendant serving time on home detention as part of probation entitled to good time credit?
We reverse and remand.
A probation search of Peterink’s home in July 2010 turned up marijuana in an amount less than thirty grams. As a result of the discovery, Peterink was charged with Count I, possession of cocaine or narcotic drug as a class D felony, and Count II, possession of marijuana as a class A misdemeanor. On September 6, 2011, Pet-erink pleaded guilty to Count II and the State dismissed Count I. On November 1, 2011, the trial court sentenced Peterink as follows: “The Defendant shall be imprisoned in the Noble County Jail for a period of 1 year, all of which is suspended. The suspended portion of the Defendant’s sentence shall be served on probation under the terms attached hereto and made a part hereof.” Appellant’s Appendix at 42. A special condition of probation was that Pet-erink serve six months of home detention for which she was to receive “no good time credit.” Id. at 45.
On November 23, 2011, Peterink’s trial counsel filed a Motion to Correct Errors challenging the sentence imposed. The trial court held a hearing on the motion on December 16, 2011, at the conclusion of which the court denied the motion. Peter-ink now appeals.
1.
Peterink argues that the trial court erred by sentencing her in excess of the statutory maximum. Peterink pleaded guilty to a class A misdemeanor for which the maximum sentence is not to exceed one year. I.C. § 35-50-3-2 (West, West-law current through legislation effective May 31, 2012). During the sentencing hearing, the trial court pronounced the sentence as follows:
In the FD-246 case I will sentence the Defendant to one year at the Noble County Jail, that will be all suspended, *737 you shall serve one year on probation subject to the Court’s standard terms and conditions of probation including the requirement that she serves 6 months of that probation on electronically monitored home detention.
Transcript at 45. According to Peterink, because the court sentenced her to one year (albeit that the sentence was suspended), the trial court violated I.C. § 35-50-3-2 when it sentenced her to an additional year of probation. Peterink cites this court’s decision in Jennings v. State, 956 N.E.2d 203 (Ind.Ct.App.2011), trans. pending, as support for her argument that the sentence imposed exceeds the statutory maximum for a class A misdemeanor. The State does not challenge Peterink’s reliance upon Jennings, but rather asks that we revisit the issue addressed by the Jennings court with regard to misdemean- or sentencing.
Although a trial court may suspend any part of a sentence for a misdemeanor and “place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year ... the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.” I.C. § 35-50-3-l(b). As noted by the Jennings court, we have before held that for purposes of I.C. § 35-50-3-l(b), the “term of imprisonment” includes both the executed and suspended portions of a sentence. Jennings v. State, 956 N.E.2d at 206 (citing Collins v. State, 835 N.E.2d 1010 (Ind.Ct.App.2005)). Thus, as in Jennings, here, the trial court sentenced Peterink in excess of the statutory maximum (i.e., one year) when it sentenced her to a one-year suspended sentence and one year of probation. While we recognize that there is a split among the judges of this court regarding the interpretation of I.C. § 35-50-3-1, we decline the State’s request to revisit the Jennings decision. We therefore reverse the sentence imposed by the trial court and remand for resentencing.
2.
Although we have reversed the sentence imposed, we nevertheless address the second issue presented by Peterink to explain an additional error made by the trial court in sentencing Peterink. Peter-ink argues that the condition of her probation that her time on home detention was ordered to be without good-time credit contravenes statutory authority. Peterink maintains that I.C. §§ 35-50-6-6 and 35-38-2.5-5 (West, Westlaw current through legislation effective May 31, 2012), “when read together, logically lead to the conclusion that probationers on home detention may receive ‘good time credit.’” Appellant’s Brief at 7. The State agrees that Peterink is entitled to good-time credit.
I.C. § 35-50-6-6 provides, in pertinent part, “Except as set forth under IC 35-38-2.5.-5, a person does not earn credit time while on parole or probation.” Subsection (e) of I.C. § 35-38-2.5-5 provides, “A person confined on home detention as a condition of probation earns credit for time served.” We note that I.C. § 35-50-6-6 speaks in terms of credit time while I.C. § 35-38-2.5-5 provides that a person “earns credit” for time served on home detention. An ambiguity therefore exists as to whether I.C. § 35-38-2.5-5 permits a person confined on home detention as a condition of probation to earn “good-time credit.” “It is a cardinal rule of criminal justice, however, that penal statutes are to be strictly construed against the State and that ambiguities therein are to be resolved in favor of the accused.” Pennington v. State, 426 N.E.2d 408, 410 (Ind.1981). Here, the State concedes that Peterink is entitled to good-time credit and we think a fair reading of the statutes taken together leads to that result. The trial court’s or *738 der to the contrary is reversed. The trial court is instructed to amend its sentencing order to allow for credit time.
Judgment reversed and remanded for resentencing.
MAY, J., concurs.
BARNES, J., concurs in part and dissents in part.

. Ind.Code Ann. § 35-48-4-11 (West, West-law current through legislation effective May 31, 2012).