Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.



FILED

Jan 04 2013, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NICOLE A. ZELIN**
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SHERRY K. KOHUES,               )
                                )
    Appellant-Defendant,        )
                                )
      vs.                    )    No. 30A04-1208-CR-393
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Dan E. Marshall, Judge
Cause No. 30D02-1102-FD-303

**January 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Sherry Kohues appeals the trial court's revocation of her probation. Kohues raises three restated issues on appeal: 1) whether Kohues's right to due process was violated; 2) whether the trial court erred in failing to allow good time credit for time served; 3) whether the trial court abused its discretion in setting her sentence. Concluding that post-conviction relief is the proper avenue for her due process issue, that Kohues should be allowed good time credit, and that the trial court did not abuse its discretion in sentencing, we affirm in part and remand.

## Facts and Procedural History

On February 3, 2012, Kohues pleaded guilty to operating a vehicle as an habitual traffic violator, a Class D felony, pursuant to a written plea agreement. As a result, Kohues was sentenced to 1095 days with 180 days executed and 915 days of probation (365 formal and 550 informal), and a requirement of 90 days of home detention. On July 10, 2012, Hancock County Community Corrections filed a Report to the Court alleging that Kohues had tested positive during a urine drug screen that month, in violation of the rules of home detention.

At a July 12 hearing, an advisement of rights was given. Kohues was then asked to admit or deny the allegation, and she denied them and requested a public defender; the court informed her of the procedure for obtaining a public defender. Around fifteen minutes later, Kohues approached the court and said that she wanted to admit to the allegation. The court questioned her about the voluntariness of the admission, and reminded her that she would be giving up the rights that she was earlier advised of, and then accepted her admission. The court then proceeded to disposition, questioning

2

Kohues about her use of cocaine, and asking for reasons why the court should not send her to the Department of Correction (the "DOC"). After questioning her, the court sentenced Kohues to serve her previously suspended sentence of 1095 days, with credit for nineteen days in jail, 154 paid days in community corrections, and nineteen days of good time in jail. Kohues now appeals.

<u>Discussion and Decision</u>

I. Due Process

A. Waiver of Right to Counsel

Kohues argues that her due process rights were violated because she did not voluntarily, knowingly, and intelligently waive her right to counsel before admitting to the probation violation. Kohues also argues that her due process rights were violated at two other points during the hearing and that in sum, the trial court's revocation of her probation should be reversed. However, the State points out that this challenge to the validity of the revocation of her probation, following a guilty plea, is properly brought via a petition for post-conviction relief rather than a direct appeal. <u>Tumulty v. State</u>, 666 N.E.2d 394, 396 (Ind. 1996) (post-conviction relief, and not a direct appeal, is the vehicle for challenging a conviction that is the result of a guilty plea); <u>Huffman v. State</u>, 822 N.E.2d 656, 659-60 (Ind. Ct. App. 2005) (applying <u>Tumulty</u> to probation revocations). While we might ordinarily therefore dismiss Kohues's appeal, she presents other issues that are appropriate on direct appeal, and so we turn now to those arguments. Kohues is free to challenge the revocation of her probation by filing a petition for post-conviction relief.

3

## II.  Good Time Credit

Kohues argues that the court erred in failing to allow good time credit for time spent at community corrections, citing to our decision in Peterink v. State in which we concluded that credit time should be given for time spent in home detention.  971 N.E.2d 735, 737 (Ind. Ct. App. 2012).  The State concedes that Kohues should be given good time credit for time spent in community corrections, and we remand to the trial court to amend the abstract of judgment to reflect good time credit earned by Kohues while in community corrections; no hearing is necessary.

## III.  Sentencing

### A.  Standard of Review

Finally, Kohues argues that the trial court's sentence was an abuse of discretion.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.  The trial court determines the conditions of probation and may revoke probation if the conditions are violated.  Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed.  If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.  Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard.  An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

### B.  Kohues's Sentence

Kohues argues that the trial court abused its discretion because it had the authority to sentence her to less than the maximum sentence but failed to do so.  The argument appears to be that the court did not properly weigh Kohues's offered mitigating

4

circumstances of having family problems and having maintained steady employment for three years. Indiana law allows judges to order execution of up to the entire initial suspended sentence upon a violation of a condition of probation, and it was not an abuse of the court's discretion to do so here. Ind. Code § 35-38-2-3(h). The court asked Kohues for a good reason not to send her to the DOC, considering that she had committed a felony (possession of cocaine) while at community corrections for a felony conviction. Kohues replied that she had a good job and had held it for three years; the court responded that was a reason for her not to do drugs, not a reason for her not to be sent to the DOC. Kohues then said that she had been having family problems, but admitted that that was no excuse. Kohues was not able to come up with another reason for why she should not be sent to the DOC. The court's decision then to sentence Kohues to her entire suspended sentence was within the court's discretion, and not against the logic and effect of the facts and circumstances.

## Conclusion

Concluding that a direct appeal is not the appropriate venue for Kohues's challenge to the revocation of probation, that Kohues should be given good time credit for time in community corrections, and that the trial court's sentence was not an abuse of discretion, we affirm in part and remand for an amendment of the abstract of judgment to reflect good time credit.

Affirmed in part and remanded.

MAY, J., and PYLE, J., concur.

5