**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 14 2013, 5:31 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAROD A. WHEELER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1212-CR-545 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1007-FB-1494

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Darod A. Wheeler appeals his sentence following the revocation of his probation. Wheeler raises one issue, which we revise and restate as whether the trial court erred in failing to award certain credit time in ordering Wheeler to serve a portion of his previously suspended sentence. We remand with instructions.

FACTS AND PROCEDURAL HISTORY

In January 2011, Wheeler pled guilty pursuant to a plea agreement to two counts of possession of a controlled substance as class C felonies. On February 28, 2011, the trial court sentenced Wheeler to concurrent terms of five years on each count, all suspended. The court further ordered Wheeler to probation for a period of four years, effective immediately, and that Wheeler be placed with community corrections for a period of one year, which may include work release or home detention. The court further ordered that Wheeler be given "71 actual days credit . . . toward the sentence of imprisonment for time spent in confinement as a result of these charges." Appellant's Appendix at 38.

On April 25, 2012, the State filed a petition to revoke probation alleging that Wheeler violated the terms of his probation when he failed to complete substance abuse treatment, failed to maintain full-time employment, failed to pay fees as ordered, drank alcohol while on probation, was arrested for public intoxication, failed to complete twenty-four hours of community service during the weeks he was not fully employed, and failed to submit to three requested drug screens. Following a hearing on July 23, 2012, the court found that Wheeler violated the terms of his probation "by failing to complete substance abuse treatment; failing to pay fees and costs; drank alcohol; was

2

arrested and there was probable cause for his arrest for public intoxication and failing to submit to three drug screens." Id. at 63.

On November 13, 2012, the court held a hearing, near the end of the which the court stated: "I'm going to order you serve three years on the balance of your sentence and give you credit for . . . when were you picked up on this sir?" Transcript at 69. Wheeler replied "Thursday," and the court stated: "So that would be November 8th, so that would . . . be five days of credit towards that." Id. at 70. The court stated: "I didn't give you the . . . your full five years because you were successful for a while, so I'm not going to give you all the time that you were initially were sentenced to, you know. But . . . . because I'm going to recognize that you were . . . you didn't violate probation right away." Id. The following exchange then occurred:

> Wheeler:    Will I get time for the year house arrest and the time that I
>             served in jail before and then I got sentenced or any of that?
>
> Court:      Well, that's what . . . I'm not giving you all that five years. If
>             I gave you all that five years, I'd be giving you credit for
>             every single day. But on this one, you served five days this
>             time. So, I've given you credit and the rest of the credit time
>             goes towards the suspended portion of your sentence, which
>             I'm not imposing on you. I'm not making you serve
>             everything. . . .

Id. at 71. In an order dated November 13, 2012, the court ordered that Wheeler serve three years of his previously suspended sentence in the Indiana Department of Correction (the "DOC") and gave Wheeler "credit for five (5) actual days (11/8/12 to 11/12/12)." Appellant's Appendix at 76. The order further provided: "The Court orders that the balance of [Wheeler's] credit time go towards the balance of his sentence not imposed." Id. Wheeler initiated this appeal.

3

The State has not filed a brief but instead filed a Verified Motion to Dismiss and Remand with this court stating in part that it "agrees that [Wheeler] is entitled to credit time which he has earned, including the seventy-one days from his original sentence, the five days served, and the time which he served on home detention." Verified Motion to Dismiss and Remand at 2. The State requests that we dismiss this appeal without prejudice and remand the case to the trial court for further proceedings.

DISCUSSION

The issue is whether the court erred in failing to award certain credit time in ordering Wheeler to serve a portion of his previously suspended sentence. At the time of Wheeler's violation, Ind. Code § 35-38-2-3(g) set forth a trial court's sentencing options if the trial court found a probation violation and provided:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

(Currently found at Ind. Code § 35-38-2-3(h)). The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its grace by ordering probation

4

rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

Wheeler contends that the balance of his credit time at the time the court reinstated a portion of his suspended sentence "would be the 71 actual days credit given when the original five (5) year sentence was imposed, . . . and the credit time earned . . . while on Home Detention through Community Corrections placement." Appellant's Brief at 8. He asserts that "[i]t is illogical that the credit time [he] earned while being placed on Home Detention . . . with . . . Community Corrections . . . be applied toward a sentence not imposed as a result of a revocation of probation." Id. He further argues that his "earned credit time post sentencing should logically be applied toward the sentence being imposed as a result of a revocation of probation" and that he "is not only entitled to the five (5) actual days credit (11/8/12 to 11/12/12) but also for the days credit earned while a Community Corrections placement from the original sentencing date (2/18/11) through the time he was discharged from Home Detention (9/16/11)." Id. at 9. In its motion to dismiss, the State agrees that Wheeler is "entitled to credit time which he has earned,

5

including the seventy-one days from his original sentence, the five days served, and the time which he served on home detention." Verified Motion to Dismiss and Remand at 2.

Wheeler essentially claims that credit for time served of seventy-one days and good time credit for the days he was placed on home detention should be applied to reduce the three-year commitment to the DOC ordered by the court.[1] This court has held that good time credit should be given for time spent in home detention as a condition of probation. See Peterink v. State, 971 N.E.2d 735, 737 (Ind. Ct. App. 2012), summarily aff'd in relevant part, 982 N.E.2d 1009, 1010 (Ind. 2013). Further, a defendant is entitled to credit for time served prior to sentencing if he or she is subjected to pretrial confinement that is a result of the criminal charge for which sentence is being imposed. See Hall v. State, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), trans. denied. The State concedes that Wheeler should be given credit for time served, including the seventy-one days from his original sentence, and good time credit for time spent on home detention.

The trial court, in ordering that a portion of Wheeler's previously suspended sentence be reinstated, should have determined the total number of years or days of the previously suspended sentence which it intended to impose as an executed sentence and then awarded Wheeler the credit time to which he is entitled, namely, credit for time served and good time credit for the days he was placed on home detention. Specifically, as acknowledged by the State, Wheeler's credit for time served would consist of the seventy-one days for confinement prior to the February 28, 2011 sentencing order and the

---

[1] In Purcell v. State, the Indiana Supreme Court used the phrase "good time credit" to describe "the additional credit a prisoner receives for good behavior and educational attainment" and the phrase "credit for time served" to refer to "the credit toward the sentence a prisoner receives for time actually served." 721 N.E.2d 220, 222 (Ind. 1999).

6

five days for confinement prior to the reinstatement of a portion of his previously suspended sentence as set forth in the November 13, 2012 order. In addition, Wheeler's good time credit would relate to the period of time Wheeler was placed on home detention, which according to Wheeler was from February 18, 2011, through September 16, 2011.

We therefore deny the State's motion to dismiss and remand to the trial court with instructions to calculate the credit time to which Wheeler is entitled, including credit for time served and good time credit for the days he was placed on home detention, and to amend the abstract of judgment to reflect the credit.

CONCLUSION

For the foregoing reasons, we conclude that Wheeler is entitled to credit for time served and good time credit for the days he was placed on home detention and remand for a calculation of the credit time Wheeler should receive and an amendment of the abstract of judgment to reflect the credit.

Remanded with instructions.

NAJAM, J., and MATHIAS, J., concur.